

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. O-2191
Re: Whether under Article 432,
Penal Code, County School
Superintendent may approve
Contract between a common
school district and the
County School Superintend-
ent's close relative.

In your letter of April 6, 1940, you request
our opinion in response to the following question:

"In a county where the County Judge is
also County School Superintendent, can the
daughter-in-law of the County Judge hold a
position as school teacher, where the County
Judge as the ex-officio county School Super-
intendent is required to sign her vouchers
and approve her contracts?"

Article 432 of the Penal Code reads as follows:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any
State, district, county, city, school district
or other municipal board, or judge of any court,
created by or under authority of any general
or special law of this State, or any member of
the Legislature, shall appoint, or vote for,
or confirm the appointment to any office, posi-
tion, clerkship, employment or duty, of any
person related within the second degree by af-
finity or within the third degree by consan-
guinity to the person so appointing or so vot-
ing, or to any other member of any such board,

Honorable D. Richard Voges, Page 2

the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Articles 2693 and 2750, Revised Civil Statutes, provide for the approval of teachers' contracts by the county superintendent. For the reasons given below, it is unnecessary for us to determine whether the approval of teachers' contracts by the superintendent constitutes a confirmation of the appointment or employment of such teachers.

From a careful reading of said Article 432, it appears that the prohibition of the statute is not against the employment of persons related to the officer who confirms the employment but merely prohibits the appointment or confirmation of persons related within certain degrees to the officers appointing or voting for the appointment or employment.

In a letter opinion, dated October 8, 1935, to J. E. Friestman, County Attorney, Joe J. Alsup, Assistant Attorney General expressed a contrary view. We agree with the letter opinions of Scott Gaines, Assistant Attorney General, to Joe McCasland, County Attorney, dated December 15, 1931, and R. B. Anderson, Assistant Attorney General, to Penn J. Jackson, County Attorney, dated October 15, 1933, holding that relationships such as is involved in the present instance do not fall within the nepotism statutes.

In our opinion Article 432, Penal Code does not apply to this situation and your question is therefore answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:LM

APPROVED MAY 2, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN